# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>**ANITA BYRON,**<br><br>      **Debtor**<br><br>――――――――――――――――<br><br>**ANITA BYRON,**<br><br>      **Plaintiff**<br><br>v.<br><br>**LITTON LOAN SERVICING LP,**<br><br>      **Defendant** | **Chapter 13**<br>**Case No. 04-17629-RS**<br><br><br><br><br><br><br>**Adversary Proceeding**<br>**No. 05-01238** |

## MEMORANDUM AND ORDER

Anita Byron commenced a Chapter 13 case on September 16, 2004. She sought refuge in the bankruptcy court to forestall foreclosure of a mortgage on her residence held by Litton Loan Servicing, LP ("Litton").[1] She contends that Litton made numerous missteps in its handling of her mortgage account, all to her disadvantage, reflecting bad faith and comprising breaches of federal and state consumer protection statutes.[2] In furtherance of her grievances against Litton, she commenced an adversary proceeding by filing a complaint on March 1, 2005, alleging, among other things, Litton's unlawful acceleration of the mortgage and its related foreclosure

---

[1] Litton acquired the mortgage servicing rights and the mortgage itself by assignment from Washington Mutual Bank. The problems experienced by Byron occurred at the time of, and were perhaps occasioned by, these transfers.

[2] These include the Fair Debt Collection Practices Act, 15 U.S.C. 1692 and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

effort. Litton answered the complaint, denying the allegations and portraying itself as a mortgagee engaged in the proper exercise of its contractual and state law rights against and in respect of a defaulting mortgagor and her property.

The matter before the Court concerns sanctions sought by Byron against Litton for its alleged failure to respond to discovery requests in the adversary proceeding. In deciding this matter, I have considered the parties' written submissions, their arguments at hearing, and applicable law.

## **Background**

After commencing the adversary proceeding, Byron promptly sought discovery of Litton. She made her mandatory disclosures under Rule 26(a)[3] on June 30, 2005 and repeatedly sought reciprocal disclosures from Litton, to no avail. Thereafter, she made her first document production request on July 28, 2005, again to no avail, and, on March 17, 2006, her second document production request and her first request for answers to interrogatories and for admissions ("Discovery Requests"). On April 25, 2006, nine months after Byron's initial request, Litton replied to the Discovery Requests but did not make the mandatory disclosures under Rule 26(a). Litton has conceded that its April 25, 2006 reply was late and incomplete. Byron characterizes it additionally as evasive, inadequate, and unsigned. Her characterization is the more accurate one.

Frustrated by her unsuccessful efforts to obtain signed, complete, non-evasive and adequate replies to the Discovery Requests, Byron filed two sanctions motions: on May 30, 2006, a motion for the conclusive establishment of her requested admissions and for reasonable

---

[3]F.R. Civ. P. 26, applicable herein by Rule 7026 of the Federal Rules of Bankruptcy Procedure.

costs incident thereto ("Admissions Motion"); and, on June 12, 2006, a motion for a default judgment and for reasonable costs incident thereto as well ("Default Motion").[4]  Presumably energized by the Motions, Litton replied as follows: on June 5, 2006, Litton opposed the Admissions Motion; on June 19, 2006, Litton made its second reply to the Discovery Requests; on June 23, 2006 (and on June 26, 2006), Litton opposed the Default Motion; and on July 6, 2006, Litton made the mandatory disclosures under Rule 26(a).  I conducted a hearing on the Motions on June 29, 2006, took the matter under advisement and now render my decision.

## Discussion

I have broad discretion in fashioning a remedy for discovery lapses and, in doing so, I take into account the entirety of circumstances.  See *In re Bushay*, 327 B.R. 695, 701 (1st Cir. BAP 2005).[5]  As a preliminary matter, I find that Litton's second reply to the Discovery Requests, though now signed, is no more compliant with the discovery rules than its initial reply, and that both replies are late, inadequate, evasive, incomplete and, in the case of the second reply, occasioned by the Motions.  I further find that there is no substantial justification for such failure.  Thus, Litton's responses to date are herein treated as a failure to disclose, answer or respond.[6]

At issue, then, is not *whether* sanctions should be imposed upon Litton but rather *what* sanctions.

---

[4] Through her counsel, Byron seeks $1,500 in attorney's fees relating to the Motions. Litton offers no rebuttal to this amount.

[5] *Bushay* involves sanctions (including default) for failure to comply with both discovery *requests* and discovery *orders*.  No discovery order is here at issue but the principles articulated in *Bushay* are fully applicable to this matter and provide guidance to the Court in its resolution.

[6] See F.R. Civ. P. 37(a)(3), applicable here by Rule 7037 of the Federal Rules of Bankruptcy Procedure.

Litton would absolve itself of any exposure to sanctions, and excuses its discovery failures, on three grounds: *first*, it intended to save legal costs for Byron as well as itself; *second*, it spent time in (unsuccessful) settlement talks; and *third*, Byron suffered no harm. I am unpersuaded by Litton's argument. Rather than curtail costs, Litton's compliance failures increased them, necessitating Byron's numerous informal efforts to obtain the requisite compliance and the more formal action of the Motions. In addition, the month-long settlement talks can hardly excuse the twelve-month interim between Byron's first discovery action and Litton's final reply thereto. Lastly, Litton ignores as a harm the costs incurred by Byron in enforcing Litton's discovery compliance.[7]

If Litton had a valid reason to defer, deny or limit discovery, it could have sought protection from the Court. It failed to do so. Rather, Litton elected to manage and regulate its compliance obligations itself, with the predictable consequence that it effectively relieved itself of such obligations without the inconvenience of judicial intervention.

Given that record of unjustified non-compliance, I conclude that sanctions are warranted, as follows: (a) Byron is entitled to recover her reasonable costs against Litton in the pursuit of Litton's compliance with discovery rules;[8] and (b) Byron is entitled to have her requested admissions conclusively established.[9] I further conclude that default is not presently warranted.[10]

---

[7]Litton also overlooks the damage to the litigation and bankruptcy process resulting from its laxity.

[8]See F.R. Civ. P. 37(c) and (d), applicable herein by Rule 7037 of the Federal Rules of Bankruptcy Procedure.

[9]See F.R. Civ. P. 36, applicable herein by Rule 7036 of the Federal Rules of Bankruptcy Procedure.

[10]I do so in part because Byron did not seek or obtain, and Litton did not violate, a court order compelling the requested discovery. Had Litton done so, the outcome in this aspect of Byron's sanctions request may well have been different. In so ruling, I note that I am not

However, should Litton's conduct in the litigation henceforth again reflect such disregard for the rights of Byron as litigant and such dismissive treatment of the very process intended to regulate the litigation, the Court will not hesitate to impose that penalty.

### **Conclusion**

Accordingly, the Court orders as follows:

1. Litton shall pay $1,500 to Byron by May 15, 2007 failing which an additional sanction of $100 per day will be imposed for each day after May 31, 2007 such payment is not made, and Byron shall report to the Court in writing regarding the payment status by May 22, 2007.

2. Byron's requested admissions are conclusively established for the purpose of trial of the underlying complaint.

3. Byron's request for default judgment is denied.

A separate order will issue regarding the remaining pretrial matters including the scheduling of trial.

So ordered.

Dated: April 23, 2007

                                                                                Robert Somma
                                                                                United States Bankruptcy Judge

cc:    Kimberly Breger, Counsel to Debtor
       David M. Rosen, Counsel to Litton Loan Servicing, LP

---

determining that discovery non-compliance itself, without court order, may not lead to default - it may but not here, at least not yet.